CLARENDON PLACE CORPORATION et al., Respondents, v LANDMARK INSURANCE COMPANY et al., Respondents, and ROBERT S. BLACK, as Public Administrator for Bronx County, Appellant.

First Department, July 23, 1992

APPEARANCES OF COUNSEL

*Susan M. Karten* of counsel *(Perry S. Reich* and *Michael Berman* with her on the brief; *Castro & Karten,* attorneys), for appellant.

*Thomas Rubertone, Jr.,* of counsel *(Dublirer, Haydon, Strachi & Victor,* attorneys), for Clarendon Place, respondent.

*Noel F. Beck* of counsel *(Provizer, Lichtenstein, Pearlman & Phillips* and *Brody & Fabiani,* attorneys), for Transamerica Insurance Company, respondent.

*Mary Kay Vyskocil* of counsel *(John D. Soriano, David L. De Luca* and *Thomas J. Spellman III* with her on the brief; *Simpson Thacher & Bartlett,* attorneys), for Federal Insurance Company, respondent.

### OPINION OF THE COURT

SULLIVAN, J.

The March 25, 1990 Happyland Social Club fire in which 87

persons lost their lives occurred in a building owned by Clarendon Place Corporation, of which Alex DiLorenzo is the sole shareholder. Both DiLorenzo and Clarendon Place, the plaintiffs in the instant action, have been named as defendants in pending actions to recover damages for personal injury and wrongful death arising out of that fire. Landmark Insurance Co., Transamerica Insurance Co. and Federal Insurance Co., defendants in this action, issued to Kingsbury Properties, Ltd. a liability policy which afforded coverage for those properties listed on a schedule Kingsbury furnished the insurers. The Happyland Social Club premises, 877 East Tremont Avenue, in the Bronx, in New York City, is not listed. For this reason, and on other grounds as well, these defendant insurers disclaimed coverage for the Happyland fire.

Federal and Transamerica commenced actions in Federal court seeking a judicial declaration upholding their disclaimers. Shortly thereafter, Clarendon and DiLorenzo commenced this State court action in Bronx County seeking a declaration that there is coverage with respect to the underlying tort actions and a concomitant duty to defend. They joined as defendants, among others, Robert S. Black, Public Administrator of Bronx County, as the legal representative of 55 of the Happyland fire victims. Significantly, it should be noted, the complaint does not assert a cause of action against Black; nor does it seek any relief from him. Noteworthy, too, is the fact that Black's presence in the case as a defendant destroys diversity, thereby preventing removal of the action to Federal court, and provides a basis for Bronx venue, which would not otherwise exist. The defendants eventually moved to dismiss the complaint in its entirety in favor of the previously filed Federal action and, alternatively, as to codefendant Black, on the ground that, as the legal representative of the estates of the fire victims, he had no legal interest in the insurance contracts sufficient to give him standing to participate in the action. The IAS court granted the motion to dismiss as to Black and, on reargument, adhered to its decision. Black appeals. The order should be affirmed.

It is clear, and not disputed by our dissenting colleagues, that the estates of the deceased fire victims through their representative Black are strangers to the insurance contracts at issue. They are not in privity with the insurers; nor are they third-party beneficiaries of these contracts. *(See, Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, 33-34, *affd* 49 NY2d 924.)* Thus, they may not seek enforcement of the

insurers' obligations under the policies on either of these grounds.

With the enactment of chapter 524 of the Laws of 1917, a provision was added to the Insurance Law, codified originally as section 109, later as section 167 and, in 1984, as section 3420, which created a statutory cause of action on behalf of the injured party directly against the insurer. Section 3420 (b) (1) permits the bringing of an action against an insurer by one who has a judgment against the insured, provided the judgment remains unsatisfied for 30 days after a copy thereof with notice of entry is served on the insured and the insurer. Compliance with the statute gives the injured party the right to litigate coverage issues as though he or she were a third-party beneficiary under the contract. *(Tuzinska v Ocean Acc. & Guar. Corp.,* 241 App Div 598.) The statute, creating a cause of action on behalf of the injured party against the insurer, has been held to be in derogation of the common law and, thus, subject to strict construction. *(Royal Indem. Co. v Travelers Ins. Co.,* 244 App Div 582, 585, *affd* 270 NY 574.) "[E]very extension of the rights of an injured person, or one claiming under or through him, relative to direct actions against insurance carriers has been the result of legislative enactment, and * * * the courts have consistently refused to grant any other or further privileges than the statute specifically provides." *(Morton v Maryland Cas. Co.,* 1 AD2d 116, 126, *affd* 4 NY2d 488.) Indeed, compliance with the requirements of Insurance Law § 3420 (b) (1) is considered a condition precedent to the assertion by a tort claimant of any contract claim against the insurer. *(Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 166.) "New York does not permit direct suits against insurers prior to notice of entry of an unsatisfied judgment against an insured." *(Abbate v Medbrod,* 109 AD2d 768, 769.) Thus, Black and those he represents, the estates of 55 of the Happyland fire victims, have no rights against the insurers unless and until, at the very least, a judgment is entered against the insureds in the underlying tort actions.

■ ■ Contrary to the position taken by the dissent, Black may not be properly joined as a party to this action pursuant to the permissive joinder provisions of CPLR 1002. As is clear from the complaint, he is not a party "against whom there is asserted any right to relief" and thus cannot be joined as a defendant. (CPLR 1002 [b].) If relief is not sought from a party, dismissal as to that party is in order. *(See, Dor Motors v Graphic Arts Mut. Ins. Co.,* 97 AD2d 455.) Nor may Black be

permissively joined as a plaintiff pursuant to CPLR 1002 (a), since CPLR 3001 authorizes a court to render a declaratory judgment only where a present, genuine legal controversy exists. Black and the estates he represents have no present rights flowing from Insurance Law § 3420 (b) (1) since the statutory conditions precedent to an action thereunder have not been satisfied. Absent any legally cognizable interest in the insurance contracts at issue, there is no justiciable controversy between Black and the insurers to give him standing to bring this action. (See, New York Pub. Interest Research Group v Carey, 42 NY2d 527.) Any request for declaratory relief is premature if the standing for such an action is contingent on the happening of a future event which is beyond the control of the parties and may never occur. (Supra, at 531.) If the Happyland claimants are unsuccessful in obtaining a judgment against DiLorenzo and Clarendon Place in the underlying third-party actions there would be no need to litigate the coverage issue between Black and the insurers. Moreover, if DiLorenzo and Clarendon Place successfully prosecute this declaratory judgment action, there would be no remaining dispute to be resolved between Black and the insurers. That Black may be collaterally estopped from contesting any adverse coverage ruling as a result of the determination made in this proceeding (see, D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659) is not a basis upon which to confer standing on him pursuant to CPLR 1002 (a). (See, Lloyd Capital Corp. v Behrmann, 122 AD2d 783.) Finally, to allow joinder here would plainly contravene the provisions of Insurance Law § 3420 (b) (1), which, as noted, must be strictly construed.

Accordingly, the order of the Supreme Court, Bronx County (Herbert Shapiro, J.), entered September 6, 1991, which granted reargument of a prior order dismissing the complaint as against, among others, Robert S. Black, Public Administrator of Bronx County and, upon reargument, adhered to the prior determination, should be affirmed, without costs or disbursements.

ROSENBERGER, J. (dissenting). I would modify the order by deeming the defendant Public Administrator's motion pursuant to CPLR 2221 to be a motion for permissive joinder pursuant to CPLR 1002, and by granting the motion joining the Public Administrator as a party plaintiff, and would otherwise affirm.

The plaintiffs owned the premises in which 87 people were

killed at the Happyland Social Club and instituted this action for a judgment declaring that the insurance company defendants were obligated to defend and indemnify them in connection with lawsuits arising from the fire. The insurance companies had disclaimed coverage and had commenced a declaratory judgment action in Federal court. The defendants Transamerica and Federal Insurance Companies then moved to dismiss the complaint in this action.

The Supreme Court, *inter alia*, granted the motion to the extent of dismissing the complaint against Robert S. Black, the Public Administrator for Bronx County, on the ground that the absence of tort claimants represented by the Public Administrator, from this lawsuit, would not work to their detriment in future actions even if the insurance companies' disclaimers were upheld. The court concluded that the claimants would not be bound by any adverse declaration respecting coverage since they could proceed under section 3420 of the Insurance Law directly against the carriers if they obtain a judgment in the tort actions and are unable to collect from the judgment debtors.

While I agree that the tort claimants have no statutory standing to participate in the declaratory judgment action preceding judgment on the underlying tort action, nevertheless, pursuant to CPLR 1002, I would join the Public Administrator as a permissible party plaintiff. Contrary to the conclusion reached by the Supreme Court in its determination upon reargument, a judgment in the instant action would have collateral estoppel effect on the Public Administrator in some future action. The Public Administrator would be bound by a judgment in this case against coverage (Insurance Law § 3420 [a] [2]; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *and see, Matter of Nassau Ins. Co. [Bergen—Superintendent of Ins.],* 78 NY2d 888; *Valle v Blackwell,* 173 AD2d 390). While the majority cites *Lloyd Capital Corp. v Behrmann* (122 AD2d 783), in support of its position that the collateral estoppel effect of a judgment in this case on Black is an insufficient basis upon which to confer standing upon him, I note that the party sought to be joined in that case was an insurance company seeking to challenge the entry of a deficiency judgment entered in a mortgage foreclosure action. The Second Department found that the insurance company was not an "interested person" merely because, as a result of the deficiency judgment, it may be liable, under an insurance

policy it issued to the defendant, to the plaintiff as mortgagee of the property and as an additional insured.

CARRO and WALLACH, JJ., concur with SULLIVAN, J.; MURPHY, P. J., and ROSENBERGER, J., dissent in an opinion by ROSENBERGER, J.

Order of the Supreme Court, Bronx County, entered September 6, 1991, which granted reargument of a prior order dismissing the complaint as against, among others, Robert S. Black, Public Administrator of Bronx County, and, upon reargument, adhered to the prior determination, is affirmed, without costs or disbursements.