STATE OF NEW YORK, Appellant, v FEDERAL INSURANCE COMPANY, Respondent.

Third Department, March 4, 1993

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General,* Albany *(Daniel Smirlock* and *Peter G. Crary* of counsel), for appellant.

*D'Amato & Lynch,* New York City *(Alfred A. D'Agostino, Jr.,* and *Lisa M. Bluestein* of counsel), for respondent.

## OPINION OF THE COURT

WEISS, P. J.

The question presented on this appeal is whether an "All Risk Armored Car Coverage Premises and Transit Policy" (No. 80585158-C) issued by defendant on December 18, 1980 to Sentry Investigation Corporation and Sentry Armored Courier (hereinafter collectively referred to as Sentry) is a "policy or contract insuring against liability for injury to person * * * or against liability for injury to, or destruction of, property" within the contemplation of Insurance Law § 3420 (a).[1] Supreme Court found the policy to be for indemnification (of its

---

1. Laws of 1917 (ch 524) added a provision to the Insurance Law originally codified as section 109, later as section 167 and, in 1984, as section 3420, which created a statutory cause of action on behalf of the injured party directly against the insurer. Section 3420 (b) (1) permits an action against an insurer by one who has a judgment against the insured, provided the judgment remains unsatisfied for 30 days after a copy thereof with notice of entry is served on the insured and the insurer *(see, Clarendon Place Corp. v Landmark Ins. Co.,* 182 AD2d 6, 9, *appeal dismissed and lv denied* 80 NY2d 918). Compliance with the statute gives the injured party the right to litigate coverage issues as though he or she were a third-party beneficiary under the contract *(see, Tuzinska v Ocean Acc. & Guar. Corp.,* 241 App Div 598).

insured party) rather than for liability, determined that Insurance Law § 3420 was inapplicable and that this action was barred by the six-year Statute of Limitations for contract actions (CPLR 213 [2]). It is from the order dismissing the complaint and the denial of plaintiff's cross motion to strike the affirmative defenses in the answer that this appeal has been taken.

Succinctly stated, the facts giving rise to this action are as follows. On or about August 21, 1981 the Department of Motor Vehicles (hereinafter DMV) entered into a contract with Sentry for the transport of certain DMV property in Sentry's armored trucks and for Sentry to assume liability for any loss to this property while in its custody. On December 12, 1982, while the insurance policy written by defendant for Sentry was still in full force and effect, one of Sentry's armored vehicles was robbed and money, checks and negotiable instruments belonging to DMV were stolen. The original amount of the theft was $138,058.40 and was subsequently reduced to $52,212.35 by replacement checks obtained by DMV. On December 12, 1988, not having received the latter sum from either Sentry or defendant, plaintiff, on behalf of DMV, commenced an action against Sentry to recover the loss plus interest and ultimately was awarded a default judgment on April 3, 1989 for the sum of $82,039.73. The judgment remained unsatisfied and on July 21, 1989 the Attorney-General wrote to defendant's authorized agents giving notice of the entry of the judgment and making demand for payment pursuant to Insurance Law § 3420. Following defendant's refusal to comply, plaintiff commenced the instant action on January 24, 1991.

The insuring clause in the policy issued by defendant relating to the Sentry-DMV loss states in pertinent part: "[Defendant] shall be liable to the Insured for the Insured's liability to others as the result of loss or damage to Property". Plaintiff contends that this wording is clearly within the intent of Insurance Law § 3420 (a), while defendant argues that the policy, by failing to include the provisions specified in said section, was not a liability policy but rather an indemnification policy. We find that however characterized, the subject policy fits the statutory definition as a "policy or contract insuring against liability". Clearly, the basis for coverage is the insured's liability for injury to a third party, thus forming the predicate for invoking Insurance Law § 3420 (*175 E. 74th Corp. v Hartford Acc. & Indem. Co.,* 51 NY2d 585, 593). As the

Court of Appeals observed in *175 E. 74th Corp. v Hartford Acc. & Indem. Co. (supra,* at 591) the statutory provision put an end to the rule that such policies provide insurance for indemnity only *(see, Brustein v New Amsterdam Cas. Co.,* 255 NY 137, 142). Defendant's failure to include the mandated provisions merely triggers Insurance Law § 3103 (a) and the inclusion of the required provisions is made by implication. Accordingly, defendant's motion for summary judgment should not have been granted.[2]

■ Plaintiff next contends that Supreme Court erred in denying its motion to strike defendant's 12 affirmative defenses. The court summarily denied the cross motion without explanation, thereby depriving this Court the benefit of its reasoning. Plaintiff established a prima facie basis for striking the defenses *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Defendant's opposition to the cross motion consisted only of two affidavits by its attorneys *(see, Hasbrouck v City of Gloversville,* 102 AD2d 905, *affd* 63 NY2d 916) relying mainly upon its contention that Insurance Law § 3420 did not apply, which issue has been above resolved against defendant.

Defendant also argues that plaintiff failed to timely comply with a term in DMV's contract with Sentry. However, defendant was not a third-party beneficiary of that contract *(see, State of New York v American Mfrs. Mut. Ins. Co.,* 188 AD2d 152, 155) and this issue as between DMV and Sentry has been resolved by the judgment in favor of DMV. On this appeal defendant's contention that DMV failed to mitigate its damages pales in light of DMV's factual showing of its recovery of almost $86,000 in replacement checks. Defendant was obliged to lay bare factual proof showing its defense to be real and capable of being established at trial *(see, Hasbrouck v City of Gloversville, supra).* The failure to present any factual showing requires dismissal of defendant's affirmative defenses.

LEVINE, MAHONEY, CASEY and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted and affirmative defenses in the answer are dismissed.

---

2. A second branch of defendant's motion for summary judgment contends that the action is untimely; however, defendant conceded at oral argument that the action is timely if Insurance Law § 3420 applies.