■ MICHAEL HERSHBERGER, an Infant, by His Parent and Natural Guardian, BRENDA HERSHBERGER, et al., Respondents, v WALTER SCHWARTZ et al., Defendants. GLORIA LABORDE et al., Third-Party Plaintiffs-Respondents, v NATIONWIDE MUTUAL FIRE INSURANCE Co., Third-Party Defendant-Appellant. [604 NYS2d 428] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly determined that third-party defendant Nationwide Mutual Fire Insurance Co. (Nationwide) has a duty to defend its insureds in the underlying personal injury action alleging negligent entrustment of a dangerous instrumentality to an infant *(see, Cone v Nationwide Mut. Fire Ins. Co.,* 75 NY2d 747; *see also, Technicon*

*Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66, 73-74; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310; *International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325-326). The court erred, however, in awarding third-party plaintiffs costs and attorney's fees incurred in bringing the third-party action. An insured is not entitled to recover the costs and expenses of bringing an affirmative action to settle his rights, but may recover only when he has been cast in a defensive posture by the action of an insurer in an effort to absolve itself from its policy obligations *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21; *Johnson v General Mut. Ins. Co.,* 24 NY2d 42, 50; *AFA Protective Sys. v Atlantic Mut. Ins. Co.,* 157 AD2d 683, 686). The court also erred in denying Nationwide's motion to dismiss the cross claim of plaintiffs. Plaintiffs cannot maintain a direct claim against Nationwide. Plaintiffs are strangers to the homeowners' insurance policy and may not seek enforcement of the insurer's obligation under the policy *(Clarendon Place Corp. v Landmark Ins. Co.,* 182 AD2d 6, 8-9, *lv denied and appeal dismissed* 80 NY2d 918). Plaintiffs may commence a direct action against defendants' insurer only when a judgment has been rendered against the insureds and the judgment remains unsatisfied 30 days after entry *(see,* Insurance Law § 3420 [a] [2]).

Therefore, the order is modified by dismissing plaintiffs' cross claim in its entirety and denying the application of third-party plaintiffs insofar as the application sought costs and attorney's fees incurred in bringing the third-party action. (Appeal from Order of Supreme Court, Ontario County, Henry, Jr., J.—Summary Judgment.) Present—Callahan, J. P., Pine, Balio, Doerr and Boomer, JJ.