■ LINDA LATONI, Appellant, v MOUNT VERNON FIRE INSURANCE Co. et al., Respondents, et al., Defendants. [631 NYS2d 756] —In an action for a judgment declaring, *inter alia,* that the respondent Aetna Casualty and Surety Company is obligated to defend and indemnify the defendant Ability Store Fronts, Inc. and/or the defendant Strickland Realty and that the respondent Mount Vernon Fire Insurance Co. is obligated to defend and indemnify the defendant, Profiles Perfect, U.S.A., Ltd., the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated May 9, 1994, which granted the motion by the respondent Mount Vernon Fire Insurance Co. and the cross motion by the respondent Aetna Casualty and Surety Company to dismiss the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff has no present rights flowing from Insurance Law § 3420 (b) (1) since she has not yet obtained a judgment against any of the respondents' insureds. Thus, the statutory conditions precedent to an action under the foregoing section have not been satisfied *(see, Clarendon Place Corp. v Landmark Ins. Co.,* 182 AD2d 6, 10). Since the plaintiff has no legally cognizable interest in the insurance contracts at issue, there is no justiciable controversy between the plaintiff and the insurers to give her standing to bring this action *(see, New York Pub. Interest Research Group v Carey,* 42 NY2d 527). It was therefore proper for the Supreme Court to dismiss the complaint. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.