■ SYLVIA ABDALLA et al., Plaintiffs, v EL EMERI YEHIA et al., Defendants. YEHIA EL-EMERI, Sued Herein as EL EMERI YEHIA, Third-Party Plaintiff-Respondent, v AMERICAN HOME ASSURANCE COMPANY, Third-Party Defendant-Appellant. [667 NYS2d 736] —Order, Supreme Court, Bronx County (Anne Targum,

J.), entered on or about December 24, 1996, which granted third-party plaintiff's motion for a declaration that third-party defendant indemnify and provide liability insurance coverage to defendant Ogbenna, unanimously reversed, on the law, without costs, the motion denied, and the third-party complaint dismissed for third-party plaintiff's lack of standing to commence such an impleader. The Clerk is directed to enter judgment in favor of third-party defendant-appellant dismissing the third-party complaint.

The injured plaintiffs sued the driver/owner of the vehicle in which they were riding, and the driver/owner of the vehicle with which they collided. Plaintiffs' driver/owner (defendant and third-party plaintiff herein) then impleaded his co-defendant's insurer, and moved for declaratory judgment on the question of indemnification. The defense in the third-party action was that the co-defendant's insurance policy had been cancelled nine months prior to the accident. The issue considered by the motion court was whether the cancellation of the co-defendant's insurance policy had been accomplished in accordance with law and proper procedure.

What the court overlooked was the issue of standing to bring the third-party action in the first place. The defendant and third-party plaintiff was not the insured of the third-party defendant, and thus had no legally cognizable interest in the relationship between the co-defendant and his insurer (see, Clarendon Place Corp. v Landmark Ins. Co., 182 AD2d 6, appeal dismissed and lv denied 80 NY2d 918). A stranger to an insurance agreement acquires no right to enforce the insurer's obligation until a judgment against the insured has been rendered and remains unsatisfied (Hershberger v Schwartz, 198 AD2d 859, 860). The third-party action should have been dismissed. Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Colabella, JJ.