[675 NYS2d 367]

CHRISTOPHER K. WATSON, Respondent, v AETNA CASUALTY & SURETY COMPANY, Appellant.

Second Department, July 13, 1998

APPEARANCES OF COUNSEL

*Michael Majewski, P. C.,* Garden City (*Nicole Norris Poole* of counsel), for appellant.

*Harold Chetrick, P. C.,* New York City, for respondent.

**OPINION OF THE COURT**

Joy, J.

In this action, the plaintiff, who claimed to have been injured at the premises of the defendant's insured and who obtained a default judgment against the insured on the issue of liability, seeks a judgment declaring that the defendant insurer must defend and indemnify its insured. The primary issue to be resolved is whether the plaintiff, as the injured party and a third party to the insurance contract, has standing to bring this action. The defendant takes the position that he does not, due to the failure to comply with a condition set forth in Insurance Law § 3420, namely, the entry of a judgment on the issue of damages. We disagree, and, in affirming the order of the Supreme Court, we take this opportunity to resolve the conflict between our decisions in *Latoni v Mount Vernon Fire Ins. Co.* (219 AD2d 698) and *Tepedino v Zurich-American Ins. Group* (220 AD2d 579).

The plaintiff, Christopher K. Watson, was allegedly injured on November 3, 1992, in a fall at the premises of John Mazzone, who carried liability insurance issued by the defendant Aetna Casualty & Surety Company (hereinafter Aetna). The plaintiff commenced a personal injury action against Mazzone in 1994, but Mazzone never answered and the plaintiff obtained a default interlocutory judgment against him on the issue of liability which was entered on June 5, 1995.

In the interim, on December 13, 1994, Aetna had received notice of the plaintiff's suit against Mazzone. By letter dated February 3, 1995, Aetna advised Mazzone that it was disclaiming coverage on the ground that it had not been given written

notice of the accident " 'as soon as is practical' " as required by the policy.

In November 1995 the plaintiff commenced the instant action, *inter alia,* for a declaration that Aetna was obligated to defend and indemnify Mazzone in the underlying personal injury action. After joinder of issue, the plaintiff moved for summary judgment, arguing that Aetna's disclaimer was invalid as against him and that Aetna should "be compelled" to defend and indemnify Mazzone in the underlying action. Aetna opposed the motion, arguing, *inter alia,* that the action should be dismissed for the plaintiff's lack of standing, insofar as he had not obtained a judgment against the insured on the issue of damages. Aetna relied on this Court's decision in *Latoni v Mount Vernon Fire Ins. Co. (supra)* and a decision of the Appellate Division, First Department, cited therein, which held that, in the absence of an unsatisfied money judgment against an insured, an injured party had no standing to bring an action for a judgment declaring that the insurer had a duty to defend and indemnify that insured. In addition, Aetna argued that its disclaimer was also valid as against the plaintiff.

The court granted the plaintiff's motion, determining that Aetna must defend and indemnify Mazzone in the plaintiff's action against him. The court rejected *Latoni v Mount Vernon Fire Ins. Co. (supra),* as an "aberration" and found that the plaintiff had standing. The court further held that Aetna's notice of disclaimer as to the plaintiff was untimely as a matter of law.

This Court's decision in *Latoni v Mount Vernon Fire Ins. Co. (supra)* was based on a decision of the Appellate Division, First Department, entitled *Clarendon Place Corp. v Landmark Ins. Co.* (182 AD2d 6), which had interpreted Insurance Law § 3420 as barring any action, including one for a declaratory judgment, brought by an injured plaintiff before a money judgment against the tortfeasor had been obtained and had remained unsatisfied for 30 days.

Insurance Law § 3420 (a) (2) requires every insurance policy or contract to contain a provision that in case judgment against the insured shall remain unsatisfied for 30 days after serving notice of entry, "an action may * * * be maintained against the insurer under the terms of the policy or contract for the amount of such judgment". Insurance Law § 3420 (b) (1) then goes on to provide that subject to the conditions of Insurance Law § 3420 (a) (2), an action may be maintained by any person who has "obtained a judgment against the insured * * * for

damages for injury sustained or loss or damage occasioned during the life of the policy or contract" (Insurance Law § 3420 [b] [1]).

The record in *Latoni v Mount Vernon Fire Ins. Co. (supra)* indicates that the plaintiff therein commenced an action to recover damages for personal injuries sustained when she was struck by a large glass window pane which fell from a building. The defendants included the owner, the general contractor, and the window installer, Ability Store Front, Inc. (hereinafter Ability). Ability's insurer, Aetna, disclaimed coverage based on the cancellation of its policy four weeks before the incident took place. With court permission, another defendant, Profiles Perfect, was added, and its insurer, Mount Vernon Fire Insurance Company (hereinafter Mount Vernon Fire), disclaimed coverage because it was not notified of the occurrence as soon as practicable. The plaintiff thereupon commenced an action for a judgment declaring that Aetna and Mount Vernon Fire were obligated to defend and indemnify their insureds. The trial court granted the insurers' motions to dismiss the complaint, and this Court affirmed, stating: "The plaintiff has no present rights flowing from Insurance Law § 3420 (b) (1) since she has not yet obtained a judgment against any of the respondents' insureds. Thus, the statutory conditions precedent to an action under the foregoing section have not been satisfied (*see, Clarendon Place Corp. v Landmark Ins. Co.,* 182 AD2d 6, 10). Since the plaintiff has no legally cognizable interest in the insurance contracts at issue, there is no justiciable controversy between the plaintiff and the insurers to give her standing to bring this action (*see, New York Pub. Interest Research Group v Carey,* 42 NY2d 527). It was therefore proper for the Supreme Court to dismiss the complaint" (*Latoni v Mount Vernon Fire Ins. Co., supra*).

In *Clarendon Place Corp. v Landmark Ins. Co. (supra),* a case decided by the Appellate Division, First Department, Clarendon Place Corporation (hereinafter Clarendon), as owner of a building, was named as a defendant in actions to recover for personal injuries and wrongful death arising out of the 1990 fire at the Happyland Social Club. The alleged insurers of the property, Landmark Insurance Company, Transamerica Insurance Company, and Federal Insurance Company, disclaimed coverage for the losses arising from the fire. Clarendon then commenced an action seeking a declaration that there was coverage, and joined as a defendant Robert S. Black, the Public Administrator of Bronx County, as the legal representative of

55 of the 87 fire victims. The insurers moved to dismiss the complaint as against Black on the ground, *inter alia,* that, as the legal representative of the estates of the fire victims, he had no legal interest in the insurance contracts sufficient to give him standing to participate in the action. The Supreme Court, Bronx County, dismissed the complaint as to Black, and the Appellate Division, First Department, affirmed.

The Appellate Division, First Department, noted that Insurance Law § 3420 created a cause of action on behalf of an injured person against the insurer which was in derogation of the common law and was thus subject to strict construction. The Appellate Division, First Department, held that no action, including one for a declaratory judgment, could be maintained by an injured plaintiff against the insurance company unless there was compliance with Insurance Law § 3420, requiring the obtaining of a judgment against the insured which was unsatisfied for 30 days. Thus, the Appellate Division, First Department, concluded, "Black and those he represents * * * have no rights against the insurers unless and until, at the very least, a judgment is entered against the insureds in the underlying tort actions" (*Clarendon Place Corp. v Landmark Ins. Co., supra,* at 9).

The Appellate Division, First Department, further stated that insofar as Black had "no present rights flowing from Insurance Law § 3420 (b) (1) since the statutory conditions precedent to an action thereunder have not been satisfied", there was no justiciable controversy between Black and the insurers to give him standing (*Clarendon Place Corp. v Landmark Ins. Co., supra,* at 10). The request for declaratory relief was therefore premature since standing in the action was contingent on the happening of a future event beyond the control of the parties and which might never occur (*Clarendon Place Corp. v Landmark Ins. Co., supra; see also, Mount Vernon Fire Ins. Co. v NIBA Constr.,* 195 AD2d 425; *Sincerbeaux v Nationwide Mut. Fire Ins. Co.,* 206 AD2d 907; *Hershberger v Schwartz,* 198 AD2d 859).

In our opinion, the *Clarendon Place* rule, followed in the *Latoni* case, is not supported by the language of the statute and is overly rigid. We read Insurance Law § 3420 as prohibiting, by its plain terms, only a direct cause of action to recover money damages, and not prohibiting a declaratory judgment action by the plaintiff in the underlying tort action seeking a declaration that a disclaiming insurance company owes a duty to defend or indemnify the tortfeasor.

CPLR 3001 states that "[t]he supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed". A declaratory judgment action "requires an actual controversy between genuine disputants with a stake in the outcome * * * [and may not be used as] a vehicle for an advisory opinion" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:3, at 433). In addition to the requirement that the controversy be genuine or ripe, the declaratory judgment may be used only for a "justiciable" controversy. If the court has jurisdiction over the subject matter, and if the dispute is genuine, and not academic, "the dispute will be deemed 'justiciable' and CPLR 3001 will in that regard be satisfied" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:4, at 434).

The appropriateness of a declaratory judgment action brought by an injured plaintiff has been noted without criticism by leading commentators. Professor Siegel in McKinney's Practice Commentaries states:

"a declaratory action is usually brought, shortly after the personal injury action is commenced. It may be brought by the insurer or by the insured. *The courts have even taken notice of the interest the injured person has in such a dispute and have allowed the injured person, the plaintiff in the underlying action, to bring the declaratory action to determine whether or not the policy is in effect.* The injured person should join both insurer and insured as defendants. *See, e.g., Curreri v. Allstate Ins. Co.,* 37 Misc.2d 557, 236 N. Y.S.2d 719 (1963). It may also be best to assure that the personal injury action has been commenced and is pending when the declaration is sought * * *

"If the factual basis on which the disclaimer's validity rests is something that will have to be decided in the personal injury action itself, such as whether the driver had permission to use a vehicle, the insurer is required to defend the action and a separate declaratory action to test the disclaimer should not have to be maintained. But if the factual basis is not necessarily a fact litigable in the personal injury action, such as whether a policy was cancelled, or invalidated by non-cooperation, the courts recognize the appropriateness of a separate declaratory action to test the issue" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:10, at 439 [emphasis added]).

In addition, Weinstein-Korn-Miller, citing *Curreri v Allstate Ins. Co. (supra),* has similarly noted that "A declaratory judg-

ment action may also be brought by an injured plaintiff to determine who should defend an action" (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.06d).

In *Reliance Ins. Co. v Garsart Bldg. Corp.* (122 AD2d 128, 131), this Court noted that the "New York courts * * * have permitted a party who, although not privy to the insurance contract, would nevertheless stand to benefit from the insurance policy to bring a declaratory judgment action to determine whether the insurer owed a defense and/or coverage under the policy" (*see also, Brindley v Krizsan,* 18 AD2d 971, *affd* 13 NY2d 976; *De Abreu v Lumbermans Mut. Cas. Co.,* 32 Misc 2d 634; *Curreri v Allstate Ins. Co.,* 37 Misc 2d 557, *supra).*

In *Tepedino v Zurich-American Ins. Group* (220 AD2d 579, *supra),* the plaintiffs commenced a declaratory judgment action to require Zurich-American Insurance Group (hereinafter Zurich-American) to defend and indemnify an entity known as Allied Woodbrook, Inc. (hereinafter Allied) for damages allegedly sustained due to Allied's construction work on the plaintiffs' home. The plaintiffs commenced an action against Allied, and Zurich-American disclaimed coverage.

Zurich-American argued that the plaintiffs had no standing to maintain the declaratory action against it before obtaining a judgment against Allied, and therefore the declaratory judgment action was premature. The plaintiffs countered that they were seeking to establish the rights of the parties, not damages, and therefore the action was not premature. They argued that they had standing since they may stand to benefit from the policy, there was a genuine controversy regarding the relationship of the parties which affected the underlying action, and the matter was ripe since Zurich-American had denied coverage.

This Court held that the action was not premature, stating "A party who is not privy to an insurance contract but would nevertheless benefit from the insurance policy may bring a declaratory judgment action to determine whether the insurer owes a defense and/or coverage under the policy", and that "a declaratory judgment action against insurers with respect to jural relations, either as to present or prospective obligations, is permitted prior to entry of judgment in the underlying action" (*Tepedino v Zurich-American Ins. Group, supra,* at 580).

In *Abate v All-City Ins. Co.* (214 AD2d 627), a vehicle owned and operated by Abate was in an accident with another vehicle owned by Cafaro, who was insured by All-City Insurance Company (hereinafter All-City). Cafaro also had a policy with

Allstate Insurance Company (hereinafter Allstate) which was purportedly improperly cancelled three months before the accident. The injured plaintiff, a passenger in the Abate car, sued Abate and Cafaro, and Abate cross-claimed against Cafaro for contribution. Abate commenced an action for a declaration that either the All-City or Allstate policy was in force to indemnify Abate on the cross claim. The Supreme Court granted Allstate's motion for summary judgment, ruling that Abate must first obtain a judgment before commencing the action against the insurance companies.

This Court reversed the order of the Supreme Court, noting that by its terms, Insurance Law § 3420 "does not purport to govern declaratory judgment actions and [that there were a] large number of cases permitting the maintenance of such actions by parties other than those who possess judgments against the insured" (*Abate v All-City Ins. Co., supra,* at 628). The controversy was appropriate for a declaratory judgment, and, since Abate stood to benefit from the Allstate insurance policy, he had standing to bring the action to determine if the insurer was obligated to provide coverage under its policy (*see also, Costa v Colonial Penn Ins. Co.,* 204 AD2d 591, 592 ["a declaratory judgment action against insurers, including excess carriers, is permitted prior to judgment where the judgment likely to be recovered in the underlying action would amount to more than the excess floor or the potential liability might well reach into the excess coverage"]; *Farley v State Farm Mut. Auto. Ins. Co.,* 167 AD2d 861; *Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380; *Town of Islip v Zara & Sons Contr. Co.,* 207 AD2d 339; *Halali v Evanston Ins. Co.,* 245 AD2d 422).

In our view, the instant declaratory judgment action presents a genuine dispute that is justiciable, i.e., "state[s] a real controversy, involving substantial legal interests" (*Playtogs Factory Outlet v County of Orange,* 51 AD2d 772, 773; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:4, at 434). Insofar as the plaintiff would stand to benefit from the policy, the court is surely presented with a "real controversy involving substantial legal interests" (*Reliance Ins. Co. v Garsart Bldg. Corp., supra,* at 131; *see also, Costa v Colonial Penn Ins. Co., supra).*

Accordingly, notwithstanding Aetna's assertions to the contrary, we find this action presents a justiciable controversy (*see,* CPLR 3001; *see also, Reliance Ins. Co. v Garsart Bldg. Corp., supra),* and we further conclude that the Supreme Court properly determined that the plaintiff had standing to bring

this action (see, *Tepedino v Zurich-American Ins. Group, supra; Abate v All-City Ins. Co., supra; Costa v Colonial Penn Ins. Co., supra).* This Court's decision in *Latoni v Mount Vernon Fire Ins. Co. (supra),* relied upon by Aetna, is overruled and should no longer be followed. Similarly, the First Department case of *Clarendon Place Corp. v Landmark Ins. Co.* (182 AD2d 6, *supra),* should not be followed in this Department.

◼ Also in dispute is the question of the timeliness and hence, the effectiveness, of Aetna's letter to the insured, disclaiming liability under the policy, a copy of which was also sent to the plaintiff's attorney. We agree with the Supreme Court that it was untimely as a matter of law since it was not given to the plaintiff and the insured as soon as was reasonably possible and, although Aetna had the opportunity to tender an explanation for the delay, it offered none upon the motion (see, Insurance Law § 3420 [d]; *Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507, 508; *Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308).

In light of the above, we need not reach the parties' remaining contentions.

Accordingly, the order is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring that the defendant is obligated to defend and indemnify John Mazzone in a personal injury action entitled *Watson v Mazzone* pending in the Supreme Court, Suffolk County, under Index No. 3592/94, and that the defendant did not timely disclaim liability.

O'BRIEN, J. P., SANTUCCI and ALTMAN, JJ., concur.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring that the defendant is obligated to defend and indemnify John Mazzone in a personal injury action entitled *Watson v Mazzone* pending in the Supreme Court, Suffolk County, under Index No. 3592/94, and that the defendant did not timely disclaim liability.