■ ISLIP BUSINESS CORP., Respondent, v MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC., Defendant and Third-Party Plaintiff-Appellant. LARRY BIAGI, Doing Business as MID-ATLANTIC RIGGING, Third-Party Defendant; HARLEYSVILLE INSURANCE COMPANIES et al., Third-Party Defendants-Respondents. [692 NYS2d 411] —In an action to recover damages for injury to property, the defendant third-party plaintiff Mer-

rill Lynch Business Financial Services, Inc., appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), entered April 30, 1998, which (a) granted the separate motions of the third-party defendants Harleysville Insurance Companies and Continental Insurance Company d/b/a Marine Office of America for summary judgment dismissing the third-party complaint insofar as asserted against them, and (b) granted those branches of the cross motion of the plaintiff Islip Business Corp. which were for summary judgment on the second cause of action and on the issue of liability with respect to the first cause of action, and (2) an order and interlocutory judgment (one paper) of the same court, entered September 10, 1998, upon the order. The notice of appeal from the order entered April 30, 1998, is also deemed to be a notice of appeal from the order and interlocutory judgment entered September 10, 1998 (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order entered April 30, 1998, is dismissed, as that order was superseded by the order and interlocutory judgment entered September 19, 1998; and it is further,

Ordered that the order and interlocutory judgment entered September 10, 1998, is affirmed; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

The plaintiff Islip Business Corp. (hereinafter IBC) commenced the instant action to recover for injury to property sustained when the defendant Merrill Lynch Business Financial Services, Inc. (hereinafter Merrill Lynch), removed equipment from IBC's premises. Thereafter, Merrill Lynch commenced a third-party action seeking indemnification from Larry Biagi, d/b/a Mid-Atlantic Rigging (hereinafter Biagi), whom Merrill Lynch had hired to remove the equipment. Biagi defaulted in answering, but Merrill Lynch did not docket a default judgment against him. Merrill Lynch then impleaded Harleysville Insurance Companies (hereinafter Harleysville) and Continental Insurance Company, d/b/a Marine Office of America (hereinafter Continental) as the insurers of Biagi.

The Supreme Court properly granted the motions of Harleysville and Continental for summary judgment dismissing the third-party complaint insofar as asserted against them. Merrill Lynch did not have standing to assert this third-party action against these parties since such a third-party action, which was not one for declaratory judgment, was barred by Insurance Law § 3420 (b) (*cf., Watson v Aetna Cas. & Sur. Co.,* 246 AD2d 57).

Merrill Lynch's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Krausman, Florio and Smith, JJ., concur.