■ Tower Insurance Company of New York, Respondent, v Skate Key, Inc., Defendant, and Barbara Van Putten, Intervenor-Appellant. [712 NYS2d 352] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered October 20, 1999, which, in a declaratory judgment action, to the extent appealable, denied non-party appellant Barbara Van Putten's motion for leave to intervene as a party defendant, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about November 1, 1999, which held plaintiff insurer's motion for a default judgment against defendant insured in abeyance pending an inquest on the issue of whether defendant's failure to reimburse deductibles constituted a breach of the insurance policy, unanimously dismissed, without costs.

The motion court correctly denied the motion to intervene because the proposed intervenor was a stranger to the subject insurance agreement and therefore had no right to enforce the insurer's obligation, until a judgment against the insured was rendered and remained unsatisfied (see, Insurance Law § 3420 [b] [1]; *Abdalla v Yehia*, 246 AD2d 373; *Clarendon Place Corp. v Landmark Ins. Co.*, 182 AD2d 6, 9, *appeal dismissed and lv denied* 80 NY2d 918).

Since appellant is without standing to intervene in this action, it follows that she may not claim to be aggrieved, within the meaning of CPLR 5511, by determinations made in the action other than the denial of her motion for intervention, and, accordingly, that she has no standing to appeal from such other determinations. Concur—Ellerin, J. P., Rubin, Saxe and Buckley, JJ.