■ John Mortillaro et al., Appellants, v Public Service Mutual Insurance Company et al., Defendants, and American International Specialty Lines Insurance Company, Respondent. (And Another Action.) [728 NYS2d 185] —In an action for a judgment declaring, *inter alia*, that the defendant American International Specialty Lines Insurance Company is obligated to defend and indemnify the plaintiffs in an action entitled *Scagnelli v Stella's Diner,* pending in the Supreme Court, Queens County, under Index No. 23748/98, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated May 4, 2000, as granted the motion of the defendant American International Specialty Lines Insurance Company pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the respondent.

A plaintiff need not be privy to an insurance contract to commence a declaratory judgment action to determine the rights and obligations of the respective parties, so long as the plaintiff stands to benefit from the policy (*see, Watson v Aetna Cas. & Sur. Co.*, 246 AD2d 57; *Tepedino v Zurich-Am. Ins. Group*, 220 AD2d 579; *Costa v Colonial Penn Ins. Co.*, 204 AD2d 591). Here, the plaintiffs clearly stand to benefit from the professional liability policy issued by the defendant American International Specialty Lines Insurance Company (hereinafter AISL), to the plaintiffs' insurance broker, the defendant Romania Insurance Brokerage, Inc. (hereinafter Romania). Accordingly, the plaintiffs are entitled to challenge the disclaimer of coverage issued by AISL prior to obtaining a judgment against Romania, and the Supreme Court erred in granting the motion to dismiss the complaint insofar as asserted against AISL. Ritter, J. P., McGinity, Luciano and Feuerstein, JJ., concur.