■■■ EUGENE A. CARCONE et al., Appellants, v D'ANGELO INSURANCE AGENCY, Respondent, et al., Defendant. (Appeal No. 1.) [755 NYS2d 172] —Appeal from an order of Supreme Court, Herkimer County (Kirk, J.), entered October 23, 2001, which granted the motion of defendant D'Angelo Insurance Agency for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of plaintiffs, Supreme Court properly granted the motion of defendant D'Angelo Insurance Agency (D'Angelo) to dismiss the complaint against it under, inter alia, CPLR 3211 (a) (5). The action as against D'Angelo sounds in negligence and accrued, at the latest, in 1995, but it was not commenced until 2001. Thus, the complaint against D'Angelo is time-barred (*see* 214 [4]). Contrary to the further contention of plaintiffs, the complaint against D'Angelo was also properly dismissed pursuant to CPLR 3211 (a) (7) to the extent that it purports to assert a cause of action under Insurance Law § 3420 against him. Section 3420 permits "a cause of action on behalf of the injured party against the insurer" (*Clarendon Place Corp. v Landmark Ins. Co.,* 182 AD2d 6, 9, *appeal dismissed* 80 NY2d 918; *see* § 3420 [b] [1]). That statute is in derogation of the common law and is therefore subject to strict construction (*see Clarendon Place Corp.,* 182 AD2d at 9). Courts " 'have consistently refused to grant any other or further privileges than the statute specifically provides' " (*id.,* quoting *Morton v Maryland Cas. Co.,* 1

AD2d 116, 126, *affd* 4 NY2d 488). The statute does not provide for a direct cause of action by an injured party against an insurance broker, agent or agency, and thus plaintiffs have failed to state a cause of action against D'Angelo under that statute.

The court properly denied plaintiffs' cross motion seeking leave to amend the complaint. Plaintiffs failed to establish that any of the proposed additional causes of action against D'Angelo had merit (*see Farrell v K.J.D.E. Corp.*, 244 AD2d 905, 905). Finally, we reject plaintiffs' contention that the court converted the motion to dismiss to one for summary judgment. The decision and the order establish that the complaint against D'Angelo was dismissed pursuant to CPLR 3211. Present— Pine, J.P., Hurlbutt, Kehoe, Burns and Hayes, JJ.