Clara VARGAS, Plaintiff,

v.

BOSTON CHICKEN, INC., d/b/a Boston Market, The Federal Insurance Company d/b/a The Chubb Commercial Umbrella, Employers Insurance of Wassau a Mutual Company, Defendants.

No. 01 CV 7378 ADS MLO.

United States District Court,
E.D. New York.

June 27, 2003.

Gary W. Gramer, Lake Grove, NY, for Plaintiff.

Feder, Goldstein, Tanenbaum & D'Errico, LLP, Carle Place, NY (Steven F. Goldstein, of Counsel), for Defendant Boston Market.

Goodman & Jacobs, LLP, New York City (Sue C. Jacobs, Peter B. Bernier, Jr., of Counsel), for Defendant The Federal Insurance Company.

Jaffe & Asher, LLP, New York City (Marshall T. Potashner, Mark P. Monack, of Counsel), for Defendant Employers Insurance of Wausau.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff Clara Vargas ("Vargas" or the "plaintiff") brings this action against the defendants Boston Chicken, Inc., d/b/a Boston Market ("Boston Market"), The Federal Insurance Company d/b/a The Chubb Commercial Umbrella ("Federal Insurance") and Employers Insurance of Wausau a Mutual Company ("Employers Insurance") seeking declaratory relief under New York State law. Presently before the Court are motions by Federal Insurance and Employers Insurance to dismiss the complaint and the cross-claims for contribution and indemnification against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").

## I. BACKGROUND

The facts are detailed in the Court's previous decision dated August 23, 2002, *Vargas v. Boston Chicken*, No. 01CV7378, slip op. at 3–7 (E.D.N.Y. filed Aug. 23, 2002), and familiarity with that decision is presumed. Only the facts central to the instant motions are set forth here.

This action arises out of a discrimination case filed in this Court. *Vargas v. Boston Market*, No. 99CV156 (E.D.N.Y. filed Jan. 11, 1999). In that case, the plaintiff filed a complaint against Boston Market and certain employees alleging that they sexually harassed her and discriminated against her on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964 and the New York State Executive Law. Shortly thereafter, Boston Market filed for bankruptcy resulting in a stay of all proceedings in the case. The plaintiff then had the stay lifted to allow her to proceed "to the extent of any liability coverage provided by any liability insurance policy

which was in effect at the time of the alleged incident." *In re BCE West,* 98–12547, slip op. (Bankr.D.Ariz. Dec. 14, 1999).

The plaintiff then filed a complaint in the Suffolk County Supreme Court against Boston Market, Federal Insurance and Employers Insurance. The complaint alleges that Federal Insurance and Employers Insurance entered into contracts with Boston Market to provide insurance coverage for claims based on sexual harassment, sexual discrimination, personal injury and bodily injury. The complaint further alleges that the plaintiff commenced an action against Boston Market to recover damages for sexual harassment and gender discrimination in her employment during the period of May 1996 to October 1997; that Boston Market, Federal Insurance and Employers Insurance declined to pay her despite policy provisions providing for her recovery; and that she was "wrongfully damaged" as a result of Federal Insurance's and Employers Insurance's failure to pay her claim in full and indemnify Boston Market. For her relief, the plaintiff seeks a judgment declaring that Federal Insurance and Employers Insurance must indemnify Boston Market in the first case (*Vargas v. Boston Market,* No. 99CV156 (E.D.N.Y. filed Jan. 11, 1999)) and award her attorney's fees and costs for the prosecution of this declaratory judgment action.

Boston Market removed the State Supreme Court action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(a). Shortly thereafter, Boston Market filed an answer to the complaint and asserted cross-claims against Federal Insurance and Employers Insurance for indemnification and contribution. Federal Insurance and Employers Insurance now move to dismiss the complaint pursuant to Rule 12(b)(6) on the principal ground that the plaintiff lacks standing in that the New York State Insurance Law § 3420 ("Section 3420") does not allow a third party to bring a direct action against a tort-feasor's insurer until after the entry of judgment against the tort-feasor. In addition, Employers Insurance moves to dismiss the complaint on the alternative ground that plaintiff's claims are not covered by the policies that it issued to Boston Market. Finally, Federal Insurance and Employers Insurance move to dismiss Boston Market's cross-claims against them on the ground that the plaintiff does not seek monetary damages against Boston Market.

## II. DISCUSSION

### A. Standing

█ The New York Court of Appeals has not addressed the issue of whether a third party, absent a judgment against an insured, may bring a declaratory judgment action against an insurer under Section 3420. *NAP, Inc. v. Shuttletex, Inc.,* 112 F.Supp.2d 369, 377 (S.D.N.Y.2000); *Richards v. Select Ins. Co., Inc.,* 40 F.Supp.2d 163, 168–69 (S.D.N.Y.1999). The Court must therefore attempt to predict how that court would interpret Section 3420. *See Gasperini v. Ctr. For Humanities, Inc.,* 66 F.3d 427, 430 (2d Cir.1995), *overruled on other grounds,* 518 U.S. 415, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). In this attempt, the Court looks to decisions of the New York Appellate Divisions, relevant cases from other jurisdictions concerning the same or similar issues, legal writings in the field and any other resources which are available to the state's highest court. *See Michalski v. Home Depot, Inc.,* 225 F.3d 113, 116 (2d Cir.2000).

Although the Appellate Divisions in New York are divided concerning this issue, most of the departments favor dismissal for lack of standing. The Second Department permits third parties, absent

a judgment against an insured, to bring a declaratory judgment action to determine whether the insurer owes a defense or coverage under a policy, *Mortillaro v. Public Serv. Mutual Ins. Co.*, 285 A.D.2d 586, 587, 728 N.Y.S.2d 185, 186 (2d Dep't 2001); *Watson v. Aetna Cas. & Sur. Co.*, 246 A.D.2d 57, 64, 675 N.Y.S.2d 367, 371 (2d Dep't 1998); *Costa v. Colonial Penn Ins. Co.*, 204 A.D.2d 591, 592, 612 N.Y.S.2d 617 (2d Dep't 1994), while the First and Fourth Departments do not allow such actions, *Tower Ins. Co. of New York v. Skate Key, Inc.*, 273 A.D.2d 158, 159, 712 N.Y.S.2d 352, 352–53 (1st Dep't 2000); *Abdalla v. Yehia*, 246 A.D.2d 373, 374, 667 N.Y.S.2d 736 (1st Dep't 1998); *Clarendon Place Corp. v. Landmark Ins. Co.*, 182 A.D.2d 6, 9–10, 587 N.Y.S.2d 311, 313 (1st Dep't 1992); *Univ. Garden Apartments, L.P. v. Nationwide Mut. Ins. Co.*, 284 A.D.2d 975, 976, 726 N.Y.S.2d 901 (4th Dep't 2001); *Hershberger v. Schwartz*, 198 A.D.2d 859, 860, 604 N.Y.S.2d 428 (4th Dep't 1993).

Although the Third Department has not addressed this precise issue, it has in *dicta* cited, with approval, to the First Department's leading case on this matter. *See State v. Fed. Ins. Co.*, 189 A.D.2d 4, 6 n. 1, 594 N.Y.S.2d 445, 446 n. 1 (3d Dep't 1993) ("Section 3420(b)(1) permits an action against an insurer by one *who has a judgment* against the insured, provided the judgment remains unsatisfied for 30 days after a copy thereof with notice of entry is served on the insured and the insurer.") (citing *Clarendon*, 182 A.D.2d at 9, 587 N.Y.S.2d at 313) (emphasis added). As such, the greater weight of authority in the New York Appellate Divisions favors the position of Federal Insurance and Employers Insurance.

The Court will now examine the reasons for these two different positions. In *Watson*, 246 A.D.2d at 64, 675 N.Y.S.2d at 371, the Second Department explained why a third party, even absent a judgment against an insured, may bring a declaratory judgment action against an insurer. There, the plaintiff suffered injuries when he fell at the premises of another individual. 246 A.D.2d at 58, 675 N.Y.S.2d at 368. The plaintiff filed a declaratory judgment action against the individual's insurance company to determine whether the insurance company must defend and indemnify its insured. *Id.* On the issue of standing, the court held that "we read Insurance Law § 3420 as prohibiting, by its plain terms, only a direct cause of action to recover money damages, and not prohibiting a declaratory judgment action by the plaintiff in the underlying tort action seeking a declaration that a disclaiming insurance company owes a duty to defend or indemnify the tortfeasor." 246 A.D.2d at 61, 675 N.Y.S.2d at 370. The court further noted that "the instant declaratory judgment action presents a genuine dispute that is justiciable, ... [i]nsofar as the plaintiff would stand to benefit from the policy, the court is surely presented with a 'real controversy involving substantial legal interests.'" 246 A.D.2d at 64, 675 N.Y.S.2d at 371.

In *Clarendon*, 182 A.D.2d at 6, 587 N.Y.S.2d at 311, the First Department explained why a third party, absent a judgment against an insured, may *not* bring a declaratory judgment action against an insurer. The court noted that Section 3420 creates a statutory cause of action for an injured third party against an insurer; that compliance with the prerequisites of the statute allow a third party the right to litigate coverage issues; that the statute must be strictly construed because it creates a cause of action in derogation of the common law; and that compliance with the prerequisites under the statute (entry of a judgment and a 30 day waiting period) are conditions precedent. 182 A.D.2d at 9, 587

N.Y.S.2d at 312–13. The court then found that the third parties, absent a judgment against the insureds, have no rights against the insurers. *Id.* After this finding, the court held that "[a]bsent any legally cognizable interest in the insurance contracts at issue, there is no justiciable controversy between [the third parties] and the insurers to give [them] standing to bring this action." 182 A.D.2d at 10, 587 N.Y.S.2d at 313. Finally, the court noted that "[a]ny request for declaratory relief is premature if the standing for such an action is contingent on the happening of a future event which is beyond the control of the parties and may never occur." *Id.*

In the Court's view, the First Department's reasoning is more persuasive. First, requiring a third party to obtain a judgment against an insured before commencing an action against an insurer is consistent with the express language and plain meaning of Section 3420. That statute provides in pertinent part:

(a) No policy or contract insuring against liability for injury to person . . . shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions which are equally or more favorable to the insured and to judgment creditors so far as such provisions relate to judgment creditors:

.  .  .  .  .

(2) A provision that in case judgment against the insured . . . shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment . . . upon the insurer, then an action may . . . be maintained against the insurer under the terms of the policy or contract *for the amount of such judgment* not exceeding the amount of the applicable limit of coverage under such policy or contract.

.  .  .  .  .

(b) . . . [A]n action may be maintained by the following persons against the insurer . . . to recover the amount of a judgment against the insured or his personal representative:

(1) any person . . . who, *has obtained a judgment* against the insured . . . for damages for injury sustained or loss or damage occasioned during the life of the policy or contract;

(2) any person . . . who *has obtained a judgment* against the insured . . . to enforce a right of contribution or indemnity, or any person subrogated to the judgment creditor's rights under such judgment.

N.Y. Ins. Law § 3420 (McKinney 2000) (emphasis added).

Section 3420 requires a third party to obtain a judgment against an insured before she may enforce a right of contribution or indemnification against an insurer. *See* N.Y. Ins. Law. § 3420(b)(2). Here, the plaintiff seeks to enforce an alleged right of indemnification against two insurers. According to the plain meaning of the statute, she must obtain a judgment against Boston Market, the insured, before bringing an action to enforce a right of indemnification against Federal Insurance and Employers Insurance, the insurers. *See Bleecker Charles Co. v. 350 Bleecker Street Apartment,* 327 F.3d 197, 203 (2d Cir.2003) (stating that where the language in a statute is unambiguous the analysis ends there) (citing *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 290 (2d Cir.2002)).

█ The Second Department does not follow the plain meaning of Section 3420. Rather, it reads into the statute a right on behalf of a third party—absent a judgment against an insured—to bring a declaratory judgment action against an insurer where the legislature has not expressly autho-

rized this right. In that regard, it reasons that because Section 3420 does not prohibit a declaratory judgment action, such action is therefore permitted. *See Watson,* 246 A.D.2d at 61, 675 N.Y.S.2d at 370. This broad reading of the statute is incorrect. Section 3420 creates a statutory cause of action where one did not exist under common law. *See Thrasher v. United States Liability Ins. Co.,* 19 N.Y.2d 159, 166, 278 N.Y.S.2d 793, 798, 225 N.E.2d 503 (N.Y.1967). As such, the statute is strictly construed and does not create any rights which are not expressly provided in it. *See id.; Richards,* 40 F.Supp.2d at 168 (noting that Section 3420 is strictly construed).

Second, the First Department's analysis is consistent with the legislative history of Section 3420. The prerequisite that a third party first secure a judgment against an insured before commencing an action against an insurer has existed for the past 80 years under New York law. *See Richards,* 40 F.Supp.2d at 168. Third, the First Department's analysis is consistent with the district courts within this circuit that have addressed this issue. *See Hartford Fire Ins. Co. v. Mitlof,* 123 F.Supp.2d 762, 770–71 (S.D.N.Y.2000) (requiring that a third party first obtain a judgment against the insured before bring a declaratory judgment action against the insurer); *Nationwide Mut. Fire Ins. Co. v. Rankin,* No. 99CV591, 2000 U.S. Dist. LEXIS 20035, at *11–14 (W.D.N.Y.2000) (same); *NAP,* 112 F.Supp.2d at 377–78 (same); *Richards,* 40 F.Supp.2d at 168–70 (same).

Fourth, the First Department's analysis is consistent with the jurisprudence concerning declaratory judgments. A declaratory judgment action is premature where standing to bring that action is contingent on a future event which is beyond the parties' control and which may never occur. *New York Pub. Interest Research Group, Inc. v. Carey,* 42 N.Y.2d 527, 529–31, 399 N.Y.S.2d 621, 623, 369 N.E.2d 1155 (1977). If the plaintiff is unable to successfully prosecute Boston Market in the underlying action, the declaratory judgment action would be unnecessary. As such, the instant action is contingent on a future event, namely the plaintiff's success in the underlying action, which is beyond the parties' control and may not occur. Accordingly, this action is premature, until the plaintiff secures a judgment against Boston Market.

Finally, the Court rejects the plaintiff's argument that it should follow the reasoning in the Second Department because the underlying matter arose there and this Court sits within that department. *See Michalski,* 225 F.3d at 116–17 (noting that the district court incorrectly followed the law of the department where the accident occurred and where the action was filed). It is well settled that the Court must conduct an independent examination of New York law, and, if required, case law of other jurisdictions, to determine how the New York Court of Appeals would decide the issue. *Id.* at 117. To simply follow the reasoning in the department where the action arose and where the district court sits is without legal basis and is inappropriate. *Id.*

Based on the foregoing, the Court finds that the First Department's analysis is more persuasive and therefore concludes that the plaintiff lacks standing to bring this declaratory judgment action against Federal Insurance and Employers Insurance. Accordingly, the motion to dismiss the complaint against these defendants for lack of standing is granted. Because the Court lacks standing, it need not address Employers Insurance's alternative argument that the plaintiff's claims are not covered under its policies.

**98**

## B. Cross–Claims

Federal Insurance and Employers Insurance also contends that Boston Market's cross-claims for contribution and indemnification against them should be dismissed because the plaintiff does not seek monetary damages against Boston Market. In response, Boston Market does not submit any opposition papers.

Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides that:

> Except as otherwise permitted by the court, all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of or in opposition to the motion, and divided, under appropriate headings, into as many parts as there are points to be determined. *Willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion or for the granting of a motion by default.*

Loc. R. 7.1 (emphasis added). Because Boston Market has failed to submit any opposition papers, the motions to dismiss the cross-claims against Federal Insurance and Employers Insurance are granted pursuant to Local Rule 7.1.

## III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that Federal Insurance's and Employers Insurance's motion to dismiss the complaint against them pursuant to Rule 12(b)(6) for lack of standing is **GRANTED**; and it is further

**ORDERED**, that Federal Insurance's and Employers Insurance's motion to dismiss Boston Market's cross-claims against them pursuant to Rule 12(b)(6) is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to amend the caption as follows:

**SO ORDERED.**