■ Donna Cowan, as Administratrix of the Estate of Michael E. Cowan, Deceased, Respondent, v Continental Insurance Company, Appellant. — In

an action (1) on an insurance contract for a declaratory judgment, and (2) to establish a constructive trust, defendant appeals from an order of the Supreme Court, Westchester County (Burchell, J.), entered December 22, 1980, which denied its motion to dismiss the complaint. Order reversed, on the law, motion granted and complaint dismissed, with $50 costs and disbursements. Plaintiff's decedent was a crew member of the tug KING CO-BRA, which was lost off the coast of New Jersey near Cape May on January 2, 1979. Everyone aboard perished. At the time of the accident, the tug was covered by a marine protection and indemnity policy issued by the defendant insurance company (the insurer) to the decedent's employers (the assureds). The policy contained a warranty that the tug would not be operated outside the waters of Long Island Sound. The insurer disclaimed coverage on the policy. The assureds and the insurer subsequently executed releases of the $500,000 policy in which the assureds covenanted not to bring any suit against the insurer for either the hull loss or death claims of any crew members in consideration of the payment of $95,000. This sum was deposited in an escrow account maintained by a principal of the assureds. Plaintiff commenced the instant litigation seeking a declaratory judgment that the policy was in effect for the liability of the assureds in regard to the death of her decedent aboard the tug, notwithstanding the releases. As a second cause of action, she seeks to impose a constructive trust on the $95,000 fund established by the releases and on the balance of the policy coverage. The plaintiff had brought an action against the assureds in Federal court, alleging that they were negligent and that the tug was unseaworthy. That action was subsequently voluntarily discontinued. She has also commenced an action against the assureds in Supreme Court, Westchester County, seeking to establish a constructive trust as to the $95,000 received by them. In the instant action against the insurance company plaintiff alleges that the tug had been operated out of Long Island Sound on previous occasions, that the insurer had been advised of these trips and had chosen to "cover" them, and that, therefore, the insurer is estopped from raising the navigation defense. There are no grounds to impose a constructive trust in this situation, especially as to the $95,000 which is no longer in the insurer's possession. Therefore, the second cause of action should have been dismissed. Special Term was also incorrect in not dismissing the first cause of action. A stranger to an insurance policy may, pursuant to New York law, bring a declaratory judgment action against an insurer if that person has an interest in the insurance contract. (Insurance Law, § 167, subd 1; *De Abreu v Lumbermens Mut. Cas. Co.,* 32 Misc 2d 634.) However, third parties are specifically prohibited from commencing direct actions against marine protection and indemnity insurers. (Insurance Law, § 167, subd 4.) This prohibition has been judicially recognized. (*Meridian Trading Corp. v National Auto. & Cas. Ins. Co.,* 45 Misc 2d 847; *Miller v American S. S. Owners Mut. Protection & Ind. Co.,* 509 F Supp 1047; *Wabco Trade Co., Div. of World Standard Export v SS Inger Skou,* 663 F2d 369.) Thus the plaintiff cannot maintain the instant declaratory judgment action against the insurer under New York law. Our examination of the record reveals, however, that Connecticut, not New York, has the most significant contacts with the litigation, so Connecticut law should be applied. The court must determine whether the plaintiff is able to pursue this declaratory judgment action in New York pursuant to Connecticut law. A Connecticut statute (Connecticut General Statutes, § 38-175), somewhat similar to section 167 of the New York Insurance Law, provides that a person who has been injured by and becomes a judgment creditor of an insured defendant may sue the defendant's insurer directly. That statute has been accorded judicial approval. (*Tiedemann v Nationwide Mut. Fire Ins. Co.,* 164 Conn 439.) The

New York conflicts rule provides that substantive matters shall be governed by the law of the foreign State. Even if we were to find the Connecticut direct action statute to be substantive (cf. *Oltarsh v Aetna Ins. Co.*, 15 NY2d 111, 116) and declare that it could be applied in a suit in New York, the plaintiff cannot bring this action under the statute. In *Tiedemann,* the stranger to the insurance contract had, as mandated by the statute, already obtained a judgment against the insured. As the plaintiff at bar had obtained no judgment against the assureds at the time the instant action was instituted, the Connecticut direct action statute may not be applied. The complaint is therefore dismissed. Mollen, P. J., Lazer, Cohalan and Thompson, JJ., concur.