■ JOSEPH DUNN et al., Appellants-Respondents, v AMERICAN HOME ASSURANCE COMPANY, Respondent-Appellant, and COLONIAL PENN INSURANCE COMPANY et al., Respondents. (And a Third- and Fourth-Party Title.)

The plaintiffs contend that the trial court erroneously determined that Insurance Law § 3420 (d) did not apply at bar. We disagree. Insurance Law § 3420 (d) provides that "[i]f under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant". However Insurance Law § 3420 (i) provides that the section shall not apply, *inter alia,* to "the kinds of insurances set forth in paragraph three of subsection (b) of section two thousand one hundred seventeen of this chapter". Listed in Insurance Law § 2117 (b) (3) (B) is "insurance in connection with ocean going vessels against any of the risks specified in paragraph twenty-one of subsection (a) of section one thousand one hundred thirteen of this chapter". Insurance Law § 1113 (a) (21) provides: " 'Marine protection and indemnity insurance,' means insurance against, or against legal liability of the insured for, loss, damage or expense arising out of, or incident to, the ownership, operation, chartering, maintenance, use, repair or construction of any vessel, craft or instrumentality in use in ocean or inland waterways, including liability of the insured for personal injury, illness or death or for loss of or damage to the property of another person".

The extent of the coverage offered by an insurance policy, whether indemnity or liability, depends on the intention of the parties as gleaned from the language they have adopted *(cf., First Natl. Bank v Bankers Trust Co.,* 151 Misc 233; 70 NY Jur 2d, Insurance [Distinction between liability and indemnity policies], § 1411). An examination of the insurance

contract between American Home Assurance Company (hereinafter American) and the defendants Under Sea Adventures, Inc. (hereinafter Under Sea) and Bielenda reveals that it is a "yacht hull and protection and indemnity" policy. Thus, the policy was one of "marine protection and indemnity insurance" within the meaning of Insurance Law § 1113 (a) (21), and, therefore, American was rendered exempt from the notice requirements contained in Insurance Law § 3420 (d), (i).

The court was also correct in holding that the plaintiffs lacked standing to bring the instant action since strangers to a policy of marine protection and indemnity insurance are precluded from bringing an action for a declaratory judgment against insurers (see, Cowan v Continental Ins. Co., 86 AD2d 646, 648).

We also agree with the trial court's denial of that branch of American's cross motion which was for summary judgment declaring that it was under no obligation to indemnify or defend Under Sea or Bielenda, or to pay any damages awarded against them. While it is true that the policy contained an exclusion of coverage for injuries suffered by divers or during diving operations, it is unclear from the record whether transportation had ceased and diving operations had commenced. Since there is a material issue of fact, summary judgment was correctly denied.

Finally, we agree with the plaintiffs' contention that no appeal lies from the order entered March 13, 1989, which denied American's motion denominated as one for renewal and reargument of that branch of its prior cross motion which was for a declaration that it has no duty to defend Under Sea and Bielenda. American's motion, although characterized as one for renewal and reargument, was not based upon new facts which were unavailable at the time of the original motion and is therefore actually a motion to reargue, the denial of which is not appealable (see, e.g., Mgrditchian v Donato, 141 AD2d 513; Matter of Bosco, 141 AD2d 639; Matter of Kadish v Colombo, 121 AD2d 722). We note that American has not offered a reasonable excuse for its failure to produce the evidence at the time of the original motion. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.