**HARTFORD FIRE INSURANCE COMPANY, Plaintiff,**

v.

**Joseph MITLOF d/b/a Hudson Valley Waterways, Village of Tarrytown, Village of Nyack, Nyack Parking Authority, Key Bank U.S.A., Rivercrest Homeowners Association a/k/a Rivercrest Corp., Garrison Yacht Club and Nyack Boat Club, Defendants.**

**No. 99 Civ. 9841(WCC).**

United States District Court,
S.D. New York.

April 17, 2000.

**156**

Bigham Englar Jones & Houston, New York City, for plaintiff; Helen M. Benzie, Jon D. Miller, of counsel.

Stradley Ronon Stevens & Young, LLP, Philadelphia, PA, for intervenor defendant; Tracey E. Diamond, Stephen C. Baker, William E. Mahoney, Jr., of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

In this declaratory judgment action, plaintiff Hartford Fire Insurance Company ("Hartford") seeks, among other things, to void a marine insurance policy (the "Hartford Policy") that Hartford issued to defendant Joseph Mitlof d/b/a/ Hudson Valley Waterways ("Mitlof"). Defendants the Village of Nyack and the Nyack Parking Authority (collectively, the "Nyack Defendants") are named as additional insureds under the Hartford Policy. Reliance Insurance Company ("Reliance"), which issued a commercial general liability policy to the Nyack Defendants, now seeks to intervene in this action as a defendant pursuant to Rule 24 of the Federal Rules of Civil Procedure. For the reasons stated below, Reliance's motion to intervene is granted.

## BACKGROUND

Defendant Mitlof operated a water taxi service on the Hudson River, serving Tarrytown, Nyack and Pierpont. Hartford issued Mitlof a marine hull protection and indemnity policy with passenger vessel amendments and warranties for a vessel named the Lenape Seal, effective June 5, 1998. (See Benzie Aff., Ex. 1.) On July 16, 1998, Hartford agreed to insure a second vessel, the "Conservator," under the Hartford Policy. (Complt.¶ 22.)

On June 20, 1998, Mitlof entered into a summer dockage and mooring contract (the "Dockage Contract") with the Village of Nyack Parking Authority. (Reliance Mem. Supp.Mot. Intervene, Ex. B.) Pursuant to this contract, Mitlof agreed that the Nyack Defendants would be included as additional insureds on its liability insurance policy and that this insurance would be primary to any other insurance available to the Nyack Defendants. (See id., Attach. A.) Accordingly, Mitlof arranged to have the Nyack Defendants added as additional insureds under the Hartford Policy and an endorsement was added to the Hartford Policy which provided that "Hudson Valley Waterways insurance[ ] is primary to any other insurance coverage

available to the Village of Nyack and/or the Nyack Parking Authority." (Benzie Aff., Ex. 1.)

On August 23, 1998, the pontoon boat Conservator left Nyack carrying twenty-eight passengers and capsized. (Complt. ¶¶ 27–28.) Several passengers aboard at the time the boat capsized brought personal injury lawsuits against Mitlof and the Nyack Defendants. (*Id.* ¶ 47.)` Hartford investigated the accident under a reservation of rights and ultimately found that no coverage existed, claiming: (1) that the policy was void from inception because Mitlof failed to disclose the prospective use of the Conservator to carry more passengers than the Lenape Seal; or, alternatively; (2) that the Conservator breached an express warranty regarding the number of passengers permitted; and (3) that no coverage existed because there was no valid Certificate of Inspection issued by the Coast Guard permitting the Conservator to carry passengers for hire.· (Benzie Aff., Ex. 2, Letter from Rachel Faber to Mitlof of 11/6/98.)

The Nyack Defendants tendered the defense of the personal injury lawsuits to both Hartford and Reliance. Pursuant to the commercial general liability policy, Reliance agreed to provide the Nyack Defendants with a defense subject to a reservation of rights. (*See* Reliance Mem. Supp. Mot. Intervene, Ex. C, Letter from Donald DaRos to Village of Nyack of 10/12/99). Hartford commenced the instant litigation on September 17, 1999.

## DISCUSSION

Reliance claims that it should be allowed to intervene in the instant action under either Federal Rule of Civil Procedure 24(a) (Intervention of Right) or 24(b) (Permissive Intervention). Hartford claims that Reliance is precluded from intervention in this action by New York's direct action statute, N.Y.Ins. Law § 3420(i) and N.Y.Ins.Law § 2117(b)(3).

### I. *Choice of Law*

■ As an initial matter, we must decide whether New York law applies to the instant dispute. The Hartford Policy is a contract of marine insurance within the ad-

miralty jurisdiction of this Court. *See Advani Enters., Inc. v. Underwriters at Lloyds,* 140 F.3d 157, 161 (2d Cir.1998). Accordingly, general federal maritime law applies. *Royal Ins. Co. of America v. Sportswear Group, LLC,* 85 F.Supp.2d 275, 278–79 (S.D.N.Y.2000). Pursuant to federal maritime law, the court "determines 'the scope and validity of the [marine insurance] policy provisions [ ] involved' ... by looking to state law." *Id.* (citing *Advani,* 140 F.3d at 162).

■ In determining which state law applies, we must look to the following factors:

(1) any choice-of-law provision contained in the contract; (2) the place where the contract was negotiated, issued, and signed; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties.

*Advani,* 140 F.3d at 162.

■ According to the Complaint, Hartford is a Connecticut corporation with an office and place of business in New York. (Complt. ¶ 3.) The Nyack Defendants are a New York municipality and municipal authority and Mitlof is a New York resident. (*Id.* ¶¶ 4, 6–7.) Hartford claims that the Hartford Policy was procured in New York and the subject matter of the contract, the Conservator, was located in New York and insured for the inland and coastal waters of the Hudson River between the Verrazano Narrows Bridge and Albany, New York. Hartford does not point to a choice of law provision within the Hartford Policy and this Court found none. In light of the above, we agree with Hartford that New York law applies to the contract.

### II. *N.Y. Insurance Law § 3420(i)*

■ Having found that New York law applies, we next turn to the issue of whether Reliance is foreclosed by N.Y.Ins.Law § 3420(i) and N.Y.Ins.Law § 2117(b)(3) from intervening in the instant action. Under New York common law, an insurer under an indemnity policy was not liable to an injured person who has obtained a judgment against the insured even when the insured is insolvent and judgment-proof. *Dicola v. Ameri-*

*can S.S. Owners Mut. Prot. and Indem. Ass'n, Inc. (In re Prudential Lines)*, 158 F.3d 65, 74 (2d Cir.1998). Although this rule was altered by statute, the statute expressly preserves the common law rule for marine insurance. N.Y.Ins.Law § 3420(i) (referencing N.Y.Ins.Law § 2117(b)(3)); *see also In re Prudential Lines*, 158 F.3d at 74–75. Thus, an insured's judgment creditor may not bring a claim based on a marine policy. *See id.*

Hartford claims that pursuant to this statute preserving the common law rule for marine insurers, Reliance may not intervene in this action as a defendant. The issue is an unsettled one.

Where the plaintiffs are judgment creditors, no matter in what guise, they are barred from bringing a declaratory judgment action to determine coverage under a marine indemnity policy. The Second Circuit invoked section 3420(i) to bar an action by the trustee of a bankrupt shipping line who tried to satisfy an indemnity policy's "pay first" provision by recycling a $300,000 cash fund, paying the first claimant from the fund and then receiving a loan in that amount from the claimant to replenish the fund and repeating this cycle until all claimants had been "paid." *See In re Prudential Lines*, 158 F.3d at 69. The court found that the "[c]laimants are the only parties with an interest in the indemnification" and thus the action for indemnity was barred by Section 3420(i). *Id.* at 74. Likewise, in *Cowan v. Continental Insurance Co.*, 86 A.D.2d 646, 446 N.Y.S.2d 412 (1982), the Second Department found that the survivor of a crew member of a tugboat lost at sea could not bring a declaratory judgment action against a marine indemnity insurer pursuant to N.Y.Ins.Law § 167(4), the predecessor to section 3420. *Id.* at 647, 446 N.Y.S.2d 412; *see also Miller v. American S.S. Owners Mut. Protection and Indem. Co.*, 509 F.Supp. 1047, 1049 (S.D.N.Y.1981) (holding that N.Y.Ins.Law § 167(4) barred injured seaman from bringing suit against marine insurer of insolvent vessel); *Dunn v. American Home Assur. Co.*, 158 A.D.2d 505, 507, 551 N.Y.S.2d 268 (1990) (holding injured plaintiffs lacked standing to bring claim against insurers because "strangers to a policy of marine protection and indemnity insurance are precluded from bringing an action for a declaratory judgment against insurers").

The law is clear as to actions initiated by personal injury claimants and judgment creditors against marine insurers. However, the parties point to no case, and an independent search by this Court found none, on point with the facts of the instant case, which depart in several important respects from cases cited by Hartford in opposition to Reliance's motion to intervene.

■ First, we note that the action was initiated by Hartford itself, thus Hartford is not being haled into court against its will. In an unpublished decision, Judge Martin of this district found that a declaratory judgment action could be maintained against an insurer which had itself initiated a declaratory judgment action in state court disclaiming coverage. The court found that the plaintiffs, children who claimed a trustee breached fiduciary duties to them, could add the trustee's insurer as a defendant in an action against the trustee and seek a declaration as to coverage before obtaining a judgment against the insured. *deBruyne v. Clay*, No. 94 Civ. 4707(JSM), 1997 WL 471039 at *1 (S.D.N.Y. Aug.18, 1997). The court stated that "[t]he policy considerations that support the provision of state law that an injured party may not sue a tortfeasor's insurance carrier for a declaration that the carrier has a duty to indemnify do not necessarily apply where the carrier itself has initiated a declaratory judgment action to resolve that issue." *Id.* at *3.

We note also that the First Department has adopted a literal reading of section 3420 and allowed a tort plaintiff who had not yet obtained a judgment to commence a declaratory judgment action against a liability insurer. In *Watson v. Aetna Casualty & Surety Co.*, 246 A.D.2d 57, 675 N.Y.S.2d 367 (1998), the court stated: "We read Insurance Law § 3420 as prohibiting, by its plain terms, only a direct cause of action to recover money damages, and not prohibiting the plaintiff in the underlying tort action seeking a declaration that a disclaiming insurance company owes a duty to defend or indemnify the tortfeasor." *Id.* at 61, 675 N.Y.S.2d 367. In

light of this narrow reading of section 3420, we hesitate to expand the exclusion for marine insurers in section 3420(i) to ban intervention as a defendant in a declaratory judgment action commenced by the insurer itself.

Second, and more importantly, Reliance is not a personal injury claimant nor a judgment creditor seeking compensation for a loss under the Hartford Policy, but another insurer that is currently providing the Nyack Defendants with a defense in the underlying personal injury actions. In *Caribe Carriers, Ltd. v. C.E. Heath & Co.*, 784 F.Supp. 1119 (S.D.N.Y.1992), the court found that the assignee of an insurance claim could bring a direct action against a marine insurance policy, noting that the defendants failed to show that the exemption of marine insurers from direct actions by judgment creditors in section 3420(i) "applies outside the limited context specified by the statute." *Id.* at 1123. Reliance is not making a claim under the policy, but is seeking to intervene in this Court's determination of Hartford's obligations because the scope of its own obligations may depend upon the outcome.

In the instant case, Hartford is seeking a declaration that it has no defense or indemnity obligations under the policy. As discussed above, the Nyack Defendants were named as additional insureds under the Hartford Policy, and pursuant to an endorsement to the Hartford Policy, this insurance "is primary to any other insurance coverage available to the Village of Nyack and/or the Nyack Parking Authority." (Benzie Aff., Ex. 1.) Reliance is currently providing the Nyack Defendants with a defense under a reservation of rights. If Hartford prevails, the Nyack Defendants will not be entitled to coverage under the policy. If Hartford does not prevail in the instant action, Hartford, as primary insurer, could be required to provide the Nyack Defendants with a defense and the limits of the Hartford Policy would have to be exhausted before Reliance is required to cover any judgments in the personal injury lawsuits.

Under the facts of the instant case, we hold that Reliance is not barred by N.Y.Ins. Law § 3420(i) from intervening as a defendant in this declaratory judgment action.

We now turn to the issue of whether Reliance may intervene in the action as of right.

### III. *Intervention of Right*

Rule 24(a) states in relevant part:

Upon timely application anyone shall be permitted to intervene in an action: ...

.  .  .  .  .

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a).

■ Thus, a party seeking to intervene in an action under Rule 24(a) must demonstrate that:

(1) the application is timely; (2) 'the applicant claims an interest relating to the property or transaction which is the subject matter of the action....'; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party.

*Restor–A–Dent Dental Lab., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871 (2d Cir. 1984).

A party must satisfy all four elements of the test to qualify for intervention as of right. *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir.1990).

### A. *Timeliness*

■ Timeliness is a matter within the sound discretion of the trial court. *United States v. International Business Machines Corp.*, 62 F.R.D. 530, 541 (S.D.N.Y.1974). The Second Circuit has set forth the following factors that a district court should take into account to determine whether a motion to intervene is timely:

(a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to exist-

ing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness.

*United States v. New York*, 820 F.2d 554, 557 (2d Cir.1987).

■ "It is firmly established that the most significant criterion in determining timeliness is whether the delay in moving for intervention has prejudiced any of the existing parties." *International Business Machines*, 62 F.R.D. at 541–42.

■ Here, Reliance's counsel contacted counsel for Hartford less than three months after Hartford commenced its declaratory judgment action and requested that Hartford stipulate to Reliance's intervention. (*See* Reliance Mem.Supp.Mot. Intervene, Ex. E, Letter from William Mahoney to Helen Benzie of 12/1/99.) The letter enclosed a draft answer, affirmative defenses and counterclaim by Reliance. (*See id.*) Reliance claims that Hartford informed it on or about January 4, 2000 that Hartford was unwilling to stipulate to intervention by Reliance. (*See* Reliance Mem.Supp.Mot. Intervene at 7.) Reliance filed its motion to intervene on January 28, 2000.

Hartford has not claimed that it will be prejudiced by the timing of Reliance's motion. (*See* Pl.Mem.Opp.Mot. Intervene at 10 (stating that "timeliness of the intervention is not an issue").) In light of Hartford's non-assertion of prejudice and the fact Reliance moved to intervene within three months of the filing of the action, we find that Reliance's motion is timely.

### B. *Reliance's Interest in the Action*

■ Reliance also must demonstrate "an interest relating to the property or transaction which is the subject matter of the action." As the Second Circuit observed, "[t]he term 'interest' in this context defies a simple definition." *Restor–A–Dent*, 725 F.2d at 874. The interest must be "significantly protectable." *Id.* (internal citation omitted). Furthermore, the interest must be "direct, as opposed to remote or contingent." *Id.*

In *Washington Electric Cooperative, Inc. v. Massachusetts Municipal Wholesale Electric Co.*, cited by Hartford, the Second Circuit stated that "[a]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." 922 F.2d at 97. There, the Court of Appeals upheld the district court's determination that the Vermont Department of Public Service was not entitled to intervene as a plaintiff in a lawsuit filed by a Vermont electrical cooperative against an out-of-state electrical wholesaler to recover amounts paid under a power sales agreement the Vermont Supreme Court had declared void. *See id.* at 93–94. The Vermont Department of Public Service sought to intervene on behalf of the sales agreement participants' ratepayers. *See id.* at 95.

The Court held that the Department of Public Service's interest was based on a "double contingency." *Id.* at 97. First, the plaintiff electrical cooperative had to win a judgment against the defendant, and then the Vermont Public Service Board would have to determine that the ratepayers were entitled to a percentage of that judgment. *See id.* The Second Circuit held that "such an interest cannot be described as direct or substantial." *Id.*

■ As another insurer of the Nyack Defendants, Reliance clearly has an interest in the determination of whether or not Hartford is obligated to defend and, if necessary, indemnify the Nyack Defendants. As stated *supra* in Part II, Reliance claims that the Hartford Policy is primary to its own obligations to the Nyack Defendants. Accordingly, a determination that the Hartford Policy is not void could mean that Hartford must assume the defense of the Nyack Defendants in the underlying personal injury actions and that the limits of the Hartford Policy must be exhausted before Reliance is obligated to cover any judgments therein. Conversely, if the Hartford Policy is found to be void, Reliance could be left bearing these costs alone.

In *Washington Electric Cooperative*, the Court noted that allowing the Department of Public Service to intervene would change the complexion of the case from a contractual

dispute between an electrical cooperative and an electrical wholesaler in which $924,208 was at issue to one in which the original plaintiff would be joined by another plaintiff who purported to represent six other signatories to the contract and sought more than $6 million in damages. *See id.* The Court stated that the "complaint defined the general scope of the action and the [Department of Public Service] cannot now by intervention radically alter that scope to create a much different suit." 922 F.2d at 97.

In contrast, intervention by Reliance will not "radically alter" the scope of this action. In a draft Answer attached to its pleadings, Reliance proposes to bring a counterclaim against Hartford seeking a declaration that "Hartford is legally obligated to provide the Nyack Defendants with a defense to any litigation that has been or may be brought against the Nyack Defendants" arising out of the August 23 accident and that "under the Hartford Policy, Hartford's defense obligation to the Nyack Defendants is primary to any defense obligations that Reliance may have to the Nyack Defendants." The only additional question that could arise as a result of the intervention of Reliance is whether the Hartford Policy is primary. This question arises only in the event the Court finds that the Hartford Policy is not void. If the Hartford Policy is found not to be void, then deciding which policy is primary serves the purpose of Rule 24 which is "to prevent a multiplicity of suits where common questions of law or fact are involved." *Washington Elec. Coop.,* 922 F.2d at 97.

## C. *Impairment of Reliance's Interests*

As noted previously, intervention as of right requires a showing that disposition of the proceeding without Reliance's intervention would impair Reliance's ability to protect its interest. Although Reliance would not be barred by res judicata from bringing it own action against Hartford, as a practical matter, its claim against Hartford could be compromised by the outcome of the instant litigation.

Under former Fed.R.Civ.P. 24(a)(2), intervention as of right required a showing that "the representation of the applicant's interest

by existing parties is or may be inadequate and the applicant *is or may be bound by a judgment* in the action." (*cited in Atlantis Dev. Corp. v. United States,* 379 F.2d 818, 822 n. 8 (5th Cir.1967) (emphasis added)). As discussed above, Rule 24(a), as amended July 1, 1966, states that "anyone shall be permitted to intervene in any action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The Fifth Circuit, analyzing the impact of the amendment in *Atlantis,* noted that the amendment constituted a legislative repeal of the rigid rule, set forth in *Sam Fox Publishing Co. v. United States,* 366 U.S. 683, 689, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961), that a subsequent claim by the party must be barred by res judicata in order to permit intervention of right. The *Atlantis* court held that a development company claiming ownership of coral reefs could intervene in an action by the United States to enjoin the erection of caissons on the reef by several construction companies. The court acknowledged that "the judgment itself as between the Government and defendants cannot have any direct, immediate effect upon the rights of [the development company]," but asked, "in a very real and practical sense is not the trial of this lawsuit the trial of [the development company's] suit as well?" 379 F.2d at 826. The court went on to state that if the government prevailed, the development company's claim "for all practical purposes is worthless." *Id.* at 828. In sum, the Fifth Circuit held that stare decisis may "supply that practical disadvantage which warrants intervention of right" because "the first decision will in all likelihood be the second and the third and the last one." *Id.* at 829; *see also Nuesse v. Camp,* 385 F.2d 694, 702 (D.C.Cir.1967) ("[S]tare decisis principles may in some cases supply the practical disadvantage that warrants intervention of right.").

The Second Circuit has adopted this reasoning. In *New York Public Interest Research Group, Inc. v. Regents of the University of the State of New York,* the Second Circuit held that a society of pharmacists and individual pharmacists could intervene in an action brought by consumers to enjoin the University of the State of New York from enforcing a statewide regulation against advertising the price of prescription drugs. 516 F.2d 350 (1975). The court was not persuaded by the plaintiffs' contention that the pharmacists could protect their interests following an adverse decision by bringing claims attacking any new regulation on constitutional, antitrust or unfair competition grounds, stating that "[s]uch contention ignores the possible stare decisis effect of an adverse decision." *See also Citizens for an Orderly Energy Policy, Inc. v. County of Suffolk,* 101 F.R.D. 497, 501 (E.D.N.Y.1984) (finding that "the principle of stare decisis would undoubtedly impair [petitioner's] ability to protect its interest were it prevented from intervening in this action and addressing the pending motion").

 Although "the apprehended force of stare decisis will not support intervention as of right in all cases," *Oneida Indian Nation of Wisconsin v. State of New York,* 732 F.2d 261, 266 (2d Cir.1984), it does so here, where as a practical matter, Reliance's interests will be impaired by a judgment in Hartford's favor. The reality is that Reliance would at least find itself waging an uphill battle in seeking indemnification from Hartford if this court holds, in a contest between Hartford and its insured, that Hartford has no obligations under the policy.

Hartford claims that the Nyack Defendants are already present in the instant action to represent their shared interest with Reliance in finding coverage under the Hartford Policy. (*See* Pl.Mem.Opp.Mot. Intervene at 12.) However, the Nyack Defendants have no financial interest in the determination of the priority of coverage, as Reliance already is providing them with a defense in the underlying personal injury lawsuits. Furthermore, as discussed above, if the personal injury lawsuits are resolved for an amount within the Hartford Policy

limits and if the Hartford Policy is found to be in effect and primary, then Reliance's policy would not be implicated at all. Accordingly, we find that disposition of the instant action without Reliance's intervention would impair Reliance's ability to protect its interests and that Reliance has a right to intervene in this action as a defendant.

## CONCLUSION

For the foregoing reasons, Reliance Insurance Company's motion to intervene in this action as a defendant is granted.

SO ORDERED.